**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **KALA ATTIIM SEKOU,** | ) | **CASE NO. 7:14CV00446** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **JOHN C. COMBS,** *ET AL.*, | ) | **By: Norman K. Moon** |
| | ) | **United States District Judge** |
| **Defendant(s).** | ) | |

Kala Attiim Sekou, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials at Wallens Ridge State Prison placed him in administrative segregation without complying with procedural protections required by Virginia Department of Corrections ("VDOC") disciplinary regulations. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of the record, I conclude that the action must be summarily dismissed without prejudice.

Sekou's due process claim rests on the following factual allegations. On October 27, 2013, officers brought a disciplinary charge against Sekou for fighting with other inmates and then moved Sekou to segregated confinement on prehearing detention ("PHD"). Sekou complains that he did not receive an Institutional Classification Authority ("ICA") hearing notification form 48 hours before an officer conducted an ICA hearing at his cell door on November 5, 2014, regarding his PHD placement, as required under VDOC procedures. Sekou

also denies that he waived his right to notice. He now brings this § 1983 action, alleging that each prison official involved in these proceedings should be held liable for monetary damages.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Bevrati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). A prisoner's liberty interest is generally limited to "the freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Accordingly, while state law may provide protections for inmates being assigned a new housing status, an official's failure to abide by state procedural regulations is not a federal due process issue and is, therefore, not actionable under § 1983. *Riccio v. County of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir.1990).

Sekou makes no complaint concerning the procedural protections provided to him during the disposition of the disciplinary charge itself. His sole claim centers on the ICA notice procedure that he allegedly did not receive before being moved to PHD status, a form of administrative segregation. Because Sekou has no constitutionally protected liberty interest in a particular housing assignment status, he has failed to state any constitutional claim actionable under § 1983 regarding his transfer to prehearing detention.

2

He apparently believes that a violation of VDOC regulations regarding classification changes is actionable under § 1983. He is mistaken. Section 1983 was intended to protect only federal rights guaranteed by federal law and not vindicate tort claims for which there are adequate remedies under state law. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Sekou's state law claims are thus not independently actionable under § 1983, and I decline to exercise supplemental jurisdiction over them in this action. *See* 28 U.S.C. § 1367(c).

For the reasons stated, I conclude that Sekou's allegations do not state any claim of constitutional proportions actionable under § 1983. Therefore, I will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1).

ENTER: This __10th__ day of April, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE